USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/3/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

H&H METALS CORP.,

                  Plaintiff,

-against-

MUNAWAR IQBAL and GULSHAN KHANCHAND PANJWANI,

                  Defendants.

17-Cv-4753 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    In June 2017, plaintiff H&H Metals Corp. filed this diversity action in which it seeks funds allegedly owed to it by defendants Munawar Iqbal and Gulshan Khanchand Panjwani under a July 2016 guaranty. (Doc. No. 5, Compl.) In that guaranty, defendants agreed to guarantee all obligations owed to H&H by Primeco Mining, Inc. (*Id.* ¶ 6.)

    In September 2018, the parties reached a settlement agreement. (Doc. No. 40.) At the parties' joint request, the Court so ordered the Stipulation of Settlement and dismissed the action with prejudice. (Doc. No. 42.) The Stipulation of Settlement included a schedule for defendants to pay in installments a total of $130,000. (*Id.* ¶ 1.) The agreement also set forth the procedures for the parties and the Court to follow in the event of a payment default. (*Id.* ¶¶ 3–5.) Specifically, that contract provides that, "in the event of a payment default by Defendants, H&H may reopen the case by letter written to the Court, with a copy to Defendants' attorney, accompanied by a declaration from a representative of H&H with knowledge, setting forth the facts upon which a payment default is claimed. Thereafter, the Court shall provide Defendants with an opportunity to be heard and decide whether and in what amount judgment should be entered against Defendants in accordance with this Stipulation of Settlement." (*Id.* ¶ 5.)

    Pursuant to those procedures, plaintiff filed a letter on June 24, 2019, asking the Court to reopen the case for the limited purpose of entering

1

judgment in its favor. (Doc. No. 43; Doc. No. 42, ¶ 5.) As required by the settlement agreement, plaintiff's Vice President filed a declaration setting forth the payment that defendants completed and those they missed. (Doc. No. 43-1, Decl. of Phillip Holme dated June 20, 2019.) Defendants filed no written response.

In the so ordered Stipulation of Settlement, the Court, at the parties' request, expressly retained jurisdiction to enforce the terms of the settlement agreement, including "the entry of any judgment in the event of a payment default." (Doc. No. 42, ¶ 4.) Thus, the Court has jurisdiction to reopen the case in order to enforce the settlement agreement's terms. *See Febus v. Guardian First Funding Grp., LLC*, 90 F. Supp. 3d 240, 245 (S.D.N.Y. 2015); *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 466 F. Supp. 2d 560, 562 (S.D.N.Y. 2006).

On June 28, 2019, the Court ordered the case reopened and scheduled a conference for July 3 at 11:30 A.M. (Doc. No. 44.) At that conference, with counsel for plaintiff appearing and no one appearing for defendants, the Court has received no response from defendants—let alone one that would call into question the plain breach of the unambiguous settlement agreement. *See, e.g., Colburn Family Found. v. Chabad's Children of Chernobyl*, 739 F. Supp. 2d 614, 618–19, 622 (S.D.N.Y. 2010). Accordingly,

IT IS HEREBY ORDERED that the Clerk of Court shall enter judgment in plaintiff's favor in the amount of $130,000, plus interest at 12% per annum from May 31, 2019, with costs to be taxed by the Clerk of Court.

Dated: New York, New York
July 3, 2019

SO ORDERED:

Sidney H. Stein, U.S.D.J.

2